IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE SCOTTS COMPANY LLC | ) |
| Plaintiff | ) |
| v. | ) Case No. 2:09-cv-478 |
| CENTRAL GARDEN & PET COMPANY and GULFSTREAM HOME AND GARDEN, INC. | ) Judge Sargus <br> ) Magistrate Judge Abel |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER

Plaintiff The Scotts Company LLC ("Scotts") and defendants Central Garden & Pet Company and Gulfstream Home and Garden, Inc. (collectively "Defendants and, together with Scotts, "Parties"), through counsel, hereby stipulate as follows for an order pursuant to Fed. R. Civ. P. 26(c) regarding disclosure of confidential information:

1. Documents or information produced by the Parties during discovery in this litigation that the producing person/entity believes in good faith contain confidential information shall hereafter be referred to as "Confidential Information." When used in this Protective Order, the word "documents" means

51554/3022643.1

all written material, videotapes, deposition testimony, written discovery responses, and all other tangible items, whether produced as hard copy, electronic document, computer diskette, CD-ROM or otherwise.

2. Designation of Confidential Information must be made by stamping, placing, or affixing on the document or other medium in a manner which will not interfere with its legibility the word "CONFIDENTIAL." Material can be designated as "CONFIDENTIAL" only when the producing person/entity in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information, or other valuable information covered by a legitimate privacy or other legitimate interest. Except for documents produced for inspection at the producing Party's facilities, the designation of Confidential Information must be made prior to, or contemporaneously with, the production or disclosure of that information. Documents produced for inspection at the producing Party's facilities need not be marked Confidential. Once the requesting Party designates specific documents for copying, any documents so designated that contain Confidential Information will then be marked Confidential after copying but before delivery to the requesting Party. Producing and reviewing Confidential Information pursuant to the procedure set forth in this paragraph 2 shall not constitute nor be deemed a waiver of confidentiality. With respect to written discovery responses, the Parties shall designate any response or any part

thereof as Confidential Information by affixing thereto the legend "CONFIDENTIAL."

3. Any Party producing documents or things prior to the execution of this Protective Order may reproduce any document or thing as Confidential Information within seven (7) days. Any Party reproducing a document or thing as Confidential Information shall affix the same numerical identification (i.e., "Bates number") as was affixed previously to such document or thing. Unless and until reproduction is made under the specifications of this paragraph, Parties are under no obligation to treat any documents or things produced prior to the execution of this Protective Order as Confidential Information.

4. All deposition testimony of a Party's present and former officers, directors, employees, agents, and representatives will be automatically treated as "Confidential-Attorneys' Eyes Only Material" (as defined in paragraph 9, below) for a period of no more than seven (7) days after receipt of the deposition transcript. If a Party wishes to maintain the designation of portions of deposition testimony for a period longer than seven (7) days, it may do so by notifying all counsel in writing within seven (7) days after receipt of the original or certified deposition transcript and identifying by page and line the specific testimony containing Confidential Information and/or Confidential-Attorneys' Eyes Only Material. Prior to the expiration of the seven (7)-day period, the Parties shall treat

the entire deposition testimony, transcript, and exhibits as if they had been designated as Confidential-Attorneys' Eyes Only Material. If a Party wishes to challenge the designation of Confidential Information or Confidential-Attorneys' Eyes Only Material in a deposition transcript either prior to or after the seven (7)-day period described above, it may contest the designation pursuant to paragraph 15, below.

5. Confidential Information properly designated under this Order shall not be used or disclosed by the Parties or counsel for the Parties or anyone else for any purposes whatsoever other than preparing for and conducting the litigation in which the Confidential Information was disclosed (including appeals).

6. The Parties and counsel for the Parties must not disclose or permit the disclosure of any Confidential Information under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

    a. Disclosure may be made to outside counsel for the Parties (including partners, members or associates of such counsel's firm) and in-house counsel for the Parties, as well as their paralegal, investigative, secretarial and clerical personnel who are employed by and engaged in assisting such counsel in this proceeding. Any such employee to whom counsel for the Parties makes a disclosure must be

advised of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

b. Disclosure may be made to directors, officers, or employees of a Party or its corporate parent required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed or who are designated as having responsibility for making business decisions dealing directly with this proceeding, provided that no access shall be given until each such individual has executed a written declaration in the form attached hereto as Exhibit A.

c. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

d. Disclosure of Confidential Information may be made to consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of the lawsuit. However, any expert who authors and submits any

declaration or report in connection with this litigation and who has received Confidential Information shall submit the executed declaration in the form attached hereto as Exhibit A, with the declaration or report. Any other consultant or investigator employed by the Parties or counsel for the Parties to whom disclosure of Confidential Information is made shall execute a declaration in the form attached hereto as Exhibit A prior to receiving any Confidential Information, and must provide it to opposing counsel within thirty (30) days after the conclusion of this litigation, including the entry of final judgment and expiration of all applicable appeals periods.

e. Disclosure may be made to any fact witnesses and their counsel during the course of and in preparation for a deposition and/or testimony in this proceeding, but only if counsel who discloses Confidential Information to the witness determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in preparation for and conduct of this proceeding. Before disclosure is made pursuant to this Paragraph 6(e), the witness to whom disclosure is made must execute the declaration set forth in Exhibit A hereto, and agree to be bound by the terms of this Protective Order. If the witness refuses to be so bound, then no such disclosure shall be permitted,

absent further Order of the Court. The attorney making disclosure of Confidential Information to a fact witness under this paragraph must provide a copy of the executed Exhibit A to the opposing party prior to any deposition or testimony provided by that witness.

f. Disclosure may be made to the Court, its clerks and staff (including the court having jurisdiction of any appeal), and the jury.

g. Disclosure may be made to independent litigation support services, including document reproduction services, computer imaging services, and demonstrative exhibit services. Prior to such disclosure, such services must agree to be bound by the provisions of this Order requiring that Confidential Information not be disclosed other than in accordance herewith. No such disclosure shall be made until a responsible corporate representative of such service-provider executes the declaration set forth in Exhibit A, hereto, and agrees to be bound by the terms of this Stipulated Protective Order.

7. Except as provided in Paragraph 6, counsel for the Parties must keep all Confidential Information. Each person to whom Confidential Information is disclosed shall be informed of the terms of this Order and agree to be bound by it before disclosure to such person of any such information.

8. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of Confidential Information under this Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL," if that word does not already appear.

9. Material which a Party in good faith and for good cause believes should be subjected to a higher level of confidentiality, such as information that constitutes, contains, embodies, or reflects trade secrets, product sales, product volume, pricing, revenue, profit, cost, margins, customer lists, currently implemented or not yet implemented marketing plans and analyses, and research and development information and plans for products not yet released to the marketplace, may be designated "Confidential-Attorneys' Eyes Only Material" ("Attorneys' Eyes Only Material"). Attorneys' Eyes Only Material shall be subject to all restrictions and conditions that apply to Confidential Information, and in addition shall be disclosed only to counsel of record in this action, to a maximum of two designated in-house or other outside counsel representatives (and are identified in paragraphs 8.c. and 8.d., below) and to the persons described in Paragraph 6.c., 6.d., 6.f, and 6.g, subject to the condition that prior to disclosure to any eligible person, such person must agree to be bound by the terms of this Order requiring that Attorneys' Eyes Only Material be held in confidence and not further disclosed, and specifically that Attorneys' Eyes Only Material not be disclosed to

any employees or agents of the Parties other than those identified in this paragraph. When Attorneys' Eyes Only Material is used at deposition, only those to whom such material may be disclosed may remain in attendance. The following specific procedures shall apply to Attorneys' Eyes Only Material:

    a.    Attorneys' Eyes Only Material shall be affixed with the words "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

    b.    Discovery responses and deposition testimony may be designated Attorneys' Eyes Only Material in a manner similar to that described in Paragraphs 2 and 3.

    c.    As its in-house or other outside counsel representatives, Scotts names Tara Charnes, Esq. and Matthew Massey, Esq.

    d.    As its in-house or other outside counsel representatives, Defendants name: _____.

10.    Any Party may redact from any otherwise responsive document or thing produced during discovery any information related to solely to products not yet released to the marketplace, or other information solely arising out of, or derived in contemplation of, any future plans for existing products.. A Party may challenge any such redaction under the procedure outlined in paragraph 15, below.

11.    Inadvertent Disclosure

a. If a producing Party discovers after the production of discovery material that it has inadvertently failed to designate the material as "Confidential" or "Confidential-Attorneys' Eyes Only," it may give written notice to the receiving Party that the material is "Confidential" or "Confidential-Attorneys' Eyes Only," whereupon (i) the receiving Party shall, to the extent possible, retrieve all copies of the inadvertently produced discovery material from any person or persons in possession of such copies and return them to the producing Party; (ii) the producing Party will simultaneously provide copies of the same discovery material with each page marked with the appropriate "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation; and (iii) thereafter the Parties shall treat such copies as Confidential or Confidential-Attorneys' Eyes Only material.

b. If a producing Party discovers after the production of discovery material that it has inadvertently failed to redact, pursuant to paragraph 10 herein, information related solely to products not yet released to the marketplace, it may give written notice to the receiving Party that the document contains information related solely to products not yet released to the marketplace, whereupon (i) the receiving Party shall, to the extent possible, retrieve all copies of the

inadvertently produced material from any person or persons in possession of such copies and return them to the producing Party; and (ii) the producing Party will simultaneously provide copies of the same material with each page appropriately redacted.

c. The Parties shall adhere to the requirements of Federal Rule of Civil Procedure 26(b)(5)(B) regarding the handling of discovery material that it has inadvertently produced which is protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. The Parties agree that inadvertent production or disclosure of privileged material shall not constitute nor be deemed to constitute a waiver of any applicable privilege.

12. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court discloses Confidential Information or Confidential-Attorneys' Eyes Only Material, these papers or any portion thereof must be filed under seal by the filing Party with the Clerk of Court in an envelope marked "SEALED-CONFIDENTIAL" on which shall be endorsed the caption of this action, the identity of the Party filing the materials and a statement substantially in the following form:

> This envelope (container) contains documents (things) subject to the Protective Order in this action. It is not to be opened nor the contents thereof displayed, revealed or made public, except by written order of the Court.

No such sealed envelope or container shall be provided to any Party or person, other than persons subject to this Protective Order.

13. The terms and conditions of this Protective Order shall apply in full and without limitation to any person or entity who is not a named party in this litigation who produces documents or things in response to any request, demand, or subpoena related to this litigation ("Producing Nonparty"). Upon request, any such Producing Nonparty shall be provided with a copy of this Protective Order within a reasonable period.

14. Compliance with the terms of this Protective Order shall not be deemed an admission that any documents or information are admissible in evidence and shall not constitute a waiver of any evidentiary or other objections. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not (a) operate as an admission by any Party that any document or material designated by any other Party as Confidential Information or Attorneys' Eyes Only Material contains or reflects proprietary, Confidential Information, or Attorneys' Eyes Only Material, (b) constitute or be deemed to constitute a waiver of the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, or (c) prejudice in any way the right of any Party

(i) to seek determination by the Court as to whether any particular document or material is Confidential Information or Attorneys' Eyes Only Material or (ii) to seek relief from any provision of this stipulation, either generally or with respect to any particular Confidential Information or Attorneys' Eyes Only Material.

15. If another court or administrative agency subpoenas or orders production of any discovery materials that a Party has obtained under the terms of this Order, such Party shall promptly notify the Party who produced the materials of the pendency of such subpoena or order, and shall allow such producing Party a reasonable period of time to oppose or to quash the subpoena or order before providing the materials to the person or entity seeking them. Compliance with any subpoena or order shall not be deemed a violation of this Order absent the entry, in advance of the response date for the subpoena or order, of a protective order barring disclosure of the information, and communication of such an order to counsel for the person or entity under subpoena or order.

16. Within thirty (30) days of the conclusion of the above captioned case, including any and all appeals, all material treated as Confidential Information or Attorneys' Eyes Only Material under this Order and not received in evidence at trial must be returned to the producing party, or certified to have been destroyed. This Order shall continue to be binding after the conclusion of this litigation. One outside counsel for each party may keep one copy of all pleadings, deposition

transcripts with exhibits, hearing transcripts with exhibits, trial transcripts with exhibits, and hearing and trial exhibits, as well as any Confidential Information and Confidential Attorneys' Eyes Only Material contained within or attached to such pleadings.

17. A designation of Confidential Information or Attorneys' Eyes Only Material, or a redaction pursuant to paragraph 9 herein, may be challenged by notifying the producing Party in writing and stating the specific reasons for objection. Prior to seeking a ruling from the Court with respect to any designation of Confidential Information or Attorneys' Eyes Only Material, the Parties agree first to meet and to confer in good faith to attempt to resolve the dispute. If an agreement cannot be reached, the objecting Party may request a hearing before the Court so that a judicial determination can be made as to the status of the material at issue. All Confidential Information and Attorneys' Eyes Only Material will continue to be treated as such pending determination by the Court as to its confidential status.

18. The Parties hereby agree, through their undersigned attorneys, that until such time as the Court approves and enters this Agreed Protective Order, they will be bound by and will abide by all terms set forth herein. The Parties further agree, through their undersigned attorneys, that discovery will proceed under the

terms of this Agreed Protective Order regardless of whether the Court has entered the Order at the time the Parties' discovery materials are due to be produced.

19. Nothing in this Stipulated Protective Order shall prevent any Party from using or disclosing its own documents or information, regardless of whether designated as "Confidential" or "Confidential Attorneys Eyes Only."

SO ORDERED this __4th__ day of __August__, 2009.

BY THE COURT:

_____
Honorable Edmund A. Sargus
United States District Judge

Accepted and Agreed:

July 27, 2009

By: /s/ John W. Zeiger
John W. Zeiger
ZEIGER, TIGGES & LITTLE LLP
3500 Huntington Center
Columbus, OH 43215
(614) 365-9900

Diane M. Doolittle
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
555 Twin Dolphin Dr., Suite 560
Redwood Shores, CA 94065
(650) 801-5000

John J. Dabney
MCDERMOTT WILL & EMERY
600 13th Street, N.W.
Washington, D.C. 20005
(202) 756-8343

Attorneys for Plaintiff The Scotts Company LLC

July 27, 2009

By: /s/ John Gilligan (by Bret Fenell per telephone authorization)
John P. Gilligan
SCHOTTENSTEIN, ZOX & DUNN CO. LPA
250 West Street
Columbus, OH 43215
(614) 462-2221

Ronald Y. Rothstein
WINSTON & STRAWN
35 W. Wacker Drive
Chicago, IL 60601

George A. Yuhas
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
(415) 773-5446

Attorneys for Defendants Central Garden & Pet Company and Gulfstream Home and Garden, Inc.

# **EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| THE SCOTTS COMPANY LLC | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 2:09-cv-478 |
| | ) |
| CENTRAL GARDEN & PET COMPANY | ) Judge Sargus |
| and GULFSTREAM HOME | ) |
| AND GARDEN, INC. | ) Magistrate Judge Abel |
| | ) |
| Defendants. | ) |

1. I, _____, affirm that I have read the Stipulated Protective Order attached hereto, understand its terms, and agree to be bound thereby.

2. I agree that my signature below submits me to the jurisdiction of the United States District Court for the Southern District of Ohio in which the action of <u>The Scotts Co. LLC v. Central Garden & Pet Co. et al.</u>, Case No. 2:09-cv-478 is pending and binds me to the provisions of the Stipulated Protective Order.

I declare under penalty of perjury that this declaration is signed this ____ day of ____, 2009 in _____, _____.